| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY, | Case No. 2:19-cv-01963-GMN-NJK |
| Petitioner, | **ORDER** |
| v. | |
| JAMES DZURENDA, et al., | |
| Respondents. | |

Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a petition for a writ of habeas corpus and an application to proceed in forma pauperis (ECF No. 1). Both the petition and the application are on state-court forms. However, the court will not require petitioner to file a new application and an amended petition. Instead, the court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's claims are without merit no matter what form he uses. The court dismisses the action.

Pursuant to a guilty plea agreement in state district court, petitioner was convicted of attempted burglary. On January 10, 2019, that court sentenced petitioner to a maximum term of 48 months and a minimum term of 19 months, with 254 days of credit for time served before conviction. ECF No. 1-1, at 5.

Petitioner claims that with the credit for time served, plus the time that he has spent in prison after his conviction, means that more than 40% of his minimum term has passed. Petitioner thus argues that his sentence has expired and that he should be released from the custody of the Nevada Department of Corrections.[1] ECF No. 1-1, at 6. Petitioner bases his claim upon a misunderstanding of Nevada law.

Burglary, without any aggravating factor, is a category B felony with a penalty of imprisonment for a maximum term not more than 10 years and a minimum term of not less than 1 year. Nev. Rev. Stat. § 205.060(2) (2013). An attempt to commit a category B felony with a maximum term of 10 years or less is punished as a category C felony. Nev. Rev. Stat. § 193.330(1)(a)(3) (2013). A category C felony has a penalty of imprisonment for a maximum term of not more than 5 years and a minimum term of not less than 1 year. Nev. Rev. Stat. § 193.130(2)(c) (1999). A minimum term may not be more than 40% of the maximum term. Nev. Rev. Stat. § 193.130(1) (1999).

Petitioner has misinterpreted § 193.130(1). The 40% requirement does not mean that petitioner needs to serve only 40% of the minimum term. Instead, the 40% requirement means that the minimum term must not be more than 40% of the maximum term. In petitioner's case, this requirement is satisfied because the minimum term of 19 months is slightly less than 40% of the maximum term of 48 months. Furthermore, the minimum term is when petitioner becomes eligible for parole. Nev. Rev. Stat. § 213.120(2). The credits for time served apply to petitioner's minimum term. Nev. Rev. Stat. § 176.055(1) (2013). Credits earned under Nev. Rev. Stat. § 209.4465 might also apply to petitioner's minimum term. Nevertheless, petitioner's sentence does not expire until he has completed the maximum term, taking into account all applicable credits. The court received the petition on November 7, 2019. Even taking the credits for time served and credits possibly earned under § 209.4465 into account, petitioner's maximum term could not have expired by then. Consequently, petitioner is imprisoned because his sentence still is active and, assuming that the parole board has considered his case, because the parole board

---

[1] Petitioner alleges that criminal charges are pending in Atlanta, Georgia. ECF No. 1-1, at 5.

has determined that petitioner should not receive parole.[2] Petitioner's claim that he is being held after expiration of his sentence is without merit.

Petitioner also complains about food poisoning. This is a claim regarding the conditions of his confinement. A civil rights action, not a habeas corpus petition, is the appropriate method for presenting this claim. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.

IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

IT FURTHER IS ORDERED that that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of this order. No response is necessary.

DATED: November 13, 2019

_____
GLORIA M. NAVARRO
United States District Judge

---

[2] It is possible that while petitioner is alleging that his sentence has expired, he actually means that he should have been paroled. This claim also would lack merit. Petitioner has no constitutional right to be released on parole. Moor v. Palmer, 603 F.3d 658, 662-63 (9th Cir. 2010). See also Nev. Rev. Stat. § 213.10705 (stating that parole is an act of legislative grace, and that no person has a right to be released on parole).

3